[Crim. No. 3337.  Second Appellate District, Division One.—May 17, 1940.]

THE PEOPLE, Respondent, v. DOROTHY SMITH et al., Appellants.

Gladys Towles Root and Eugene V. McPherson for Appellants.

Earl Warren, Attorney-General, and Burdette J. Daniels, Deputy Attorney-General, for Respondent.

WHITE, J.—This is an appeal from the judgment and an order denying a motion for a new trial following the conviction of the defendants by the court sitting without a jury of the crime of grand theft.

Narrating the evidence most favorable to the prosecution, as we are required to do following a guilty verdict or decision, the record discloses that on the evening of November 12, 1939, the complaining witness, after leaving his nephew, who drove away in an automobile, was walking on Mariposa Street in the city of Los Angeles when, he testified, defendant Dorothy Smith ''came running up the street and banged into me, grabbed me on the coat lapels and wrestled with me and said, 'Come on, I will give you a good time.' '' As he pushed defendant Smith away from him the complainant discovered that his wallet, containing $45 and some bank checks, was missing. He immediately started in pursuit of defendant Smith, who was running up an embankment adjacent to the street, and overtaking her, he commenced struggling with her in an effort to regain his wallet. In the course of the encounter Gladys Murphy appeared on the scene and said, ''She ain't got that wallet''; whereupon defendant Smith exclaimed, ''Your wallet is on the ground.'' Complainant then picked up his wallet from the ground and discovered that his money had been abstracted therefrom, whereupon he recommenced his struggle with defendant Smith in an effort to retrieve the money, at which time defendant Murphy entered the fray, saying, ''Look here, Mister, if you don't stop I'll call the law.'' At this stage, the complaining witness testified, he started to yell, ''Help,'' and immediately two police officers appeared on the scene. The defendant Smith stated to one of the officers that she wanted to speak to him alone, whereupon he took her aside and returned with money in the amount of $21, consisting of two ten-dollar bills and a one-dollar bill, which according to the officer were handed to him by the defendant Smith. The police officer testified that he said to her, ''Where is the rest of the money?'' to which she replied, ''I don't know. Maybe I threw it away, maybe I lost it.'' Thereupon the officers, with the aid of a flashlight,

found another ten-dollar bill on the ground. Defendant Murphy had in her possession $14, which added to the $31 just referred to totals the exact sum allegedly lost by the complainant. The police officer further testified that he and another officer were cruising in a radio car when they observed defendant Gladys Murphy standing near the intersection of Wilshire Boulevard and Mariposa. They thereupon parked their automobile some distance back and observed her. She lighted a cigarette and suddenly ran up the incline on the southeast corner. Propelling their car in the direction taken by the defendant Murphy, the officers heard someone cry out what sounded to them like "police". Emerging from their car and going up the incline, the officers discovered complainant and the two women engaged in a struggle, at which time the complaining witness stated, "These women snatched my purse from me down on the corner."

Defendant Smith testified that the complaining witness had propositioned her and that they went up the incline behind a billboard for the purpose of having sexual intercourse, and the complainant gave her the money which was taken from her by the police officer. She denied ever giving any money to her codefendant, Gladys Murphy, the latter of whom testified that the $14 found in her purse was not given her by defendant, but represented wages she had earned, working for a doctor.

The complaining witness' nephew, whom he had just left prior to the encounter with defendants, testified that immediately after his uncle left him and he was entering his automobile, he saw two women approaching Mariposa Street, and that one of them, whom he identified as defendant Smith, started to run in the general direction taken by his uncle, while defendant Murphy approached his automobile and said to him, "Hello, sweet," or "honey", "How about a good time?" This witness thereupon entered his automobile and drove away.

█ The single ground urged by appellants for a reversal is that the judgment is contrary to the law and the evidence. It challenges one's credulity and does violence to reason, in the face of the herein narrated testimony, to say that the same is equally as compatible with innocence as it is with guilt. In his search for corroborative evidence the trial judge could not be indifferent to that which showed the two defendants to-

gether, then one running in the direction taken by the alleged victim, while the other loitered in the immediate vicinity, accosting another witness, addressing him with endearing terms and the suggestion, "How about a good time?" Neither could the court be unmindful of the testimony of the officer that defendant Murphy was standing near by and suddenly went to the aid of her codefendant when the scuffle started between the latter and the complainant. Further, the fact that part of the money was found upon the ground casts aspersions upon the verity of defendant Smith's contention that the complainant willingly gave her the money. A significant circumstance is also presented in the fact that the total amount of money recovered from the defendants equalled exactly the amount lost by the alleged victim. ■ Finally, the trial judge was not required to believe the defendants' version of what occurred at the scene of the alleged crime. He was the sole and exclusive arbiter of the value and weight of the evidence, of the effect thereof, and of the credibility of the witnesses who testified in the case. It is only when the evidence upon which a conviction is based can be said to be inherently improbable and therefore amount to no evidence at all that an appellate tribunal can, as a matter of law, disturb the finding of the trier of facts thereon. The appeal is without merit.

Judgment and order affirmed.

York, P. J., and Doran, J., concurred.